**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30333
Summary Calendar

_____


MARY G. SMITH,

Plaintiff-Appellee,

VERSUS

LUCAS TIRE COMPANY, INC.,

Defendant,

BRIDGESTONE/FIRESTONE COMPANY, INC.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94 CV 2215)

_____
September 19, 1995


Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


Defendant Bridgestone/Firestone Company, Inc. ("Bridgestone"), appeals an order granting plaintiff Mary Smith's motion to amend the complaint and remanding to state court.

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

Concluding that we lack appellate jurisdiction, we dismiss the appeal.

I.

Smith, a resident of Louisiana, filed a "Claim for Damages" in Civil District Court for the Parish of Orleans against Lucas Tire Company, Inc. ("Lucas"), and Bridgestone, the manufacturer of Regency Road King tires. Smith, who had purchased tires from Lucas in New Orleans, alleges that she was injured in an automobile accident that was caused by a defective tire.

Bridgestone filed notice of removal, asserting diversity jurisdiction. Bridgestone is an Ohio corporation with its principal place of business in Ohio, and Lucas was a Mississippi corporation. The store at which Smith purchased her tires was no longer in business. Lucas filed a counterclaim against Bridgestone "for full contribution, defense and/or indemnity on any judgment" against Lucas.

Pursuant to 28 U.S.C. § 1447(c), Smith filed a motion to remand, asserting that complete diversity was lacking because Lucas was a Louisiana corporation at the time the case was filed. Bridgestone filed an opposition, stating that Lucas, a Mississippi corporation that operated the New Orleans retail store, was dissolved on April 29, 1994. Lucas's Louisiana assets were sold to Calvin J. Lucas, III, and Lucas Tire, Inc. ("Lucas Louisiana"), was incorporated in Louisiana on January 1, 1994, with its principal place of business in Kenner, Louisiana. Lucas Louisiana did not purchase or assume any of the liabilities of

2

Lucas other than those set out in the purchase agreement.

The district court denied remand, reasoning that Lucas Louisiana was not a defendant, so there was diversity of citizenship. Smith filed a motion for leave to amend her complaint to correct the identification of a party defendant and add defendants, alleging that Lucas Louisiana and Lucas "were a continuation of the now dissolved LUCAS TIRE COMPANY." Further, Smith wished to add as defendants known shareholders of Lucas, Calvin Lucas, III, Richard t. Butler, and Anne Lucas Butler,[1] and unknown shareholders of Lucas at the time of dissolution.

Bridgestone opposed the motion to amend, asserting that the proposed joinder "would have the effect of destroying diversity jurisdiction thereby necessitating remand back to state court." According to Bridgestone, the additional parties were not indispensable, and the denial of joinder of the non-diverse parties would not cause prejudice. Based upon the factors enunciated in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), the district court granted leave to amend and found that joinder and remand pursuant to 28 U.S.C. § 1447(e) were appropriate.

## II.

Bridgestone contends that the order granting leave to amend is separable from the order of remand. Thus, Bridgestone argues,

---

[1] It appears that Calvin Lucas, III, was a Louisiana resident and that Richard T. Butler and Ann Butler were Mississippi residents.

28 U.S. C. § 1447(d) does not bar us from reviewing the order granting leave to amend.

Bridgestone is correct that the orders granting leave to amend and remanding the case are separable, even though they were issued in a single decree. See Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir.), cert. denied, 502 U.S. 859 (1991). The order granting leave to amend preceded that of remand "in logic and in fact." Id. The determination of separability does not help Bridgestone, however. "[J]urisdictional remands premised on post-removal events are not reviewable." Linton v. Airbus Industrie, 30 F.3d 592, 599 (5th Cir.), cert. denied, 115 S. Ct. 639 (1994). Even if a remand for lack of subject matter jurisdiction is erroneous, the order may not be reviewable on appeal. Id. at 600. "Efforts to dissect the reasoning of that conclusion so as to find appellate jurisdiction are little more than veiled attempts to investigate indirectly the correctness of the district court's conclusion." Id.

Section 1447(d) is inapplicable in this case because it provides for review of remand orders only in civil rights cases. See 28 U.S.C. §§ 1443, 1447(d). The district court allowed the joinder of non-diverse parties and remanded under § 1447(e). Although it is not stated explicitly, the remand plainly was for lack of jurisdiction. Any review of the district court's grant of the motion to amend the complaint is "a postmortem exercise." Tillman, 929 F.2d at 1028; Linton, 30 F.3d at 600.

The appeal is DISMISSED for want of jurisdiction.

4